## Martin v. Glen Alden Corp.

*James P. Harris*, for plaintiff.

*Franklin B. Gelder* and *William J. Davis*, for defendant.

FLANNERY, J., June 8, 1956.—Plaintiff brought an action in assumpsit for royalties due under a coal lease basing his claim on a decree of the County Judges' Court of Volusia County, Florida, awarding such royalties to his assignor.

The material facts were admitted. The matter comes before us on plaintiff's motion for judgment on the pleadings.

The legal conclusions flowing from the admitted facts will, therefore, determine the controversy.

On May 1, 1884, one Emily I. Alexander et al., leased certain coal properties in the City of Wilkes-Barre and Hanover township, Luzerne County, to the Lehigh & Wilkes-Barre Coal Company. The lease was to remain in effect "until all the merchantable coal has been mined and removed." Thereafter, the lease was assigned to the Glen Alden Coal Company which by change of name is now the Glen Alden Corporation, defendant in this case. Defendant assumed all the obligations under the lease and has remained in possession of the coal lands since the assignment. During her life one Maude S. Kinmonth became owner of a 40 per cent interest in the coal lease as one of the lessors, and on August 15, 1938, she died possessed of that interest. At the time of her death she was a resident of Volusia County, Florida.

Maude S. Kinmonth's will was duly admitted to probate in the County Judges' Court of Volusia County on August 16, 1938. Bryant S. Bond, who was executor under the will, petitioned the same Florida Court in 1948 for an interpretation of the will as to his powers to dispose of the interest in the coal lease and as to priorities of the assets of the estate for use in paying administration and other expenses connected with settlement of the estate. That petition set forth that income from real estate of decedent situate in Schenectady, New York, had been used to pay administration and other expenses and alleged that the interest in the coal lease should have been used for those purposes.

On October 28, 1948, the Florida court by decree adjudged that the interest in the coal lease and royalties therefrom should have been used to pay the claims against the estate. Since the income from the New York real estate that had been improperly used exceeded the value of the coal lease, the Florida court ordered the executor to transfer decedent's interest

in the coal lease and the right to collect royalties thereunder to one Grant Lansing Stanford, who under the will was held entitled to the income from the New York property which was improperly used. By the same decree one Stanford Wells Griffith, the administrator of the estate of Mary Virginia Kinmonth, deceased, (who under the will of Maude S. Kinmonth had an interest in the coal lease) was also directed to transfer to Grant Lansing Stanford all the interest of Mary Virginia Kinmonth's estate in the coal lease.

Pursuant to the order of the Florida court, the executor of the estate of Maude S. Kinmonth and the administrator of the estate of Mary Virginia Kinmonth each transferred to Grant Lansing Stanford all interests in the coal lease and royalties payable thereunder possessed by the respective estates which they represented. Thereafter, on November 1, 1948, Grant Lansing Stanford and his wife transferred their interest in the coal lease and royalties to plantiff, Harry H. Martin, as trustee under a trust deed.

Finally, the pleadings indicate that royalties totaling $11,727.37 are due from defendant to Maude S. Kinmonth's successor in the coal lease.

Defendant contends that the Florida court had no jurisdiction to interpret the will of Maude S. Kinmonth in so far as it concerned the coal lease and coal lands described therein and situate in Pennsylvania. That being so, it is argued that full faith and credit should not be given to the decree of the Florida court on which plaintiff bases his claim to the royalties.

On the other hand, plaintiff maintains that personalty, in the form of an interest in royalties owned by Maude S. Kinmonth at her death, is all that is involved there. Therefore, plaintiff contends that at least to the extent of adjudicating as to these royalties the Florida court was a court of competent jurisdiction to whose decree full faith and credit must be given.

Although the full faith and credit clause contained in the Federal Constitution requires the courts of this State to give effect to the final judgments and decrees of our sister States, the jurisdiction of the court entering such judgment or decree can always be questioned: Thorn Estate, 353 Pa. 603.

Before proceeding, it is important to note that a lessor's interest in a coal lease has aspects of both realty and personalty: In Re Petition of Namura, 41 Luz. 125. However, all that is before us is the lessor's rights in the royalties payable under the coal lease. Such rights are personal property. This was established beyond controversy in Smith v. Glen Alden Coal Company, 347 Pa. 290, where the Supreme Court stated:

"It is well settled in this State that a lease of coal in place, such as this is, 'until such time as all the available merchantable coal shall have been mined and removed,' *is a sale of an estate in fee simple* and leaves the lessor with only an interest in the royalties to be paid him under that lease. That interest is personalty."

Thus it appears that the Florida decree, as it affects us, relates to personalty. Therefore, it is our opinion that the Florida court, in adjudicating as to this was a court of competent jurisdiction whose decree is entitled to full faith and credit.

In the case of a will disposing of personal property, it is generally recognized that the courts of the State wherein testator resided have exclusive jurisdiction of a suit to construe the will, or that portion of it which disposes of such property, wherever situated: 21 C. J. S., Courts, 849 §544(*b*). Moreover, whether as a matter of strict jurisdiction or by comity, so well recognized as to have the same practical effect, the probate of a will at the recognized domicile of testator is binding on all questions as to the legality of the will

560

with respect to any personal estate wherever located: 57 Am. Jur., Wills, 625, §956; 3 Beale, Conflict of Laws, §469.1, p. 1463. Accordingly, as to the construction of a will, a judgment by a competent court in the State of domicile, in so far as the judgment relates to personalty, is controlling in other States: Restatement, Conflict of Laws, §470; 2 Beale, Conflict of Laws, §308.1, p. 1038; 57 Am. Jur., Wills, 674, §1039; 69 C. J. 866, Note 19; 21 C. J. S., Courts, §544(b), p. 849; Annotation 131 A. L. R. 1024, 1025.

For these reasons we have concluded that full faith and credit should be given to the Florida decree upon which plaintiff rests his claim. This being the only matter at issue, judgment must be entered for plaintiff. And on the basis of the ruling contained in Barium Steel Corporation v. Wiley, 379 Pa. 38, we are constrained to add the judgment must be entered with interest.

Wherefore, judgment is entered for plaintiff for the royalty payments, payable as claimed and totaling $11,727.37, together with interest from the dates and on the amounts as set out in the statement attached to the complaint.